

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207 |
| vs. | (Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

The State of Missouri to: FARAH ABUSAADA
Alias:

COUNTY ROAD 248
STEFFENVILLE, MO 63470

*ORIGINAL*
*MAKE YOUR RETURN ON THE*
*WRIT AND FORWARD TO CLERK*
*OF CIVIL PROCESS*
*INDEPENDENCE, MO*

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of** which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SEP 2 2005

| | |
|---|---|
| Date | Clerk |

*JACKSON COUNTY*

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☑ other _Non-Est - No longer at Address_
Served at _____ (address)
in _____ County, MO, on _10/18/05_ (date) at _2:38 pm_ (time).

_____ Printed Name of Sheriff or Server  _____ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _October 20, 2005_

(seal)

My commission expires: _Oct. 20, 2005_
Date  _Shirley J. Kuntz_ Notary Public

SHIRLEY J. KUNTZ
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
Commission #05650084
My Commission Expires June 26, 2009

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | ( _____ miles at $ _____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Document Id # 05-CCSU-3511

OSCA (7-99) SM30 (SMCC)                    1 of 1                    Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207 |
| vs. | (Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

The State of Missouri to: ERIC D KIEPKE
Alias:

**200 NEW CREATION ROAD**
**BETHEL, MO 63434**

ORIGINAL
MAKE YOUR RETURN ON THE
FORWARD TO DEPT.
RECORDS
E. MO

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*JACKSON COUNTY*

SEP 2 0 2005
Date _____

_____ Clerk

Further Information: _____

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☒ other _NON-EST - No longer at address._

Served at _Shelby_ _____ (address)

in _Shelby_ County, MO, on _10/19/05_ (date) at _1 pm_ (time).

_Greg Huber_
Printed Name of Sheriff or Server

Signature of Sheriff or Server

PPS05-0023

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _October 20, 2005_

My commission expires: _Oct. 20 2005_ _Shirley J. Kuntz_
Notary Public - Notary Seal Date    Notary Public

*(seal)*

SHIRLEY KUNTZ
STATE OF MISSOURI
Jackson County
Commission # 05659004
My Commission Expires: Jan. 26, 2009

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | ( _____ miles @ $ _____ per mile) | |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

For Court Use Only: Document Id # 05-CCSU-3507

OSCA (7-99) SM30 (SMCC)          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207 |
| vs. | (Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

The State of Missouri to: RONALD G OSBON JR

Alias:

RR 1 BOX 105
LA BELLE, MO 63447

ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO DEPT.
OF CIVIL RECORDS
INDEPENDENCE, MO

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SEP 2 0 2005

_____ Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☒ other _WON-Est-no longer at Address._

Served at _____ (address)

in _Lewis_ County, MO, on _05/19/05_ (date) at _2 pm_ (time).

_Greg Hiller_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

PPS05-2023

Must be sworn before a notary public if not served by an authorized officer.

Subscribed and sworn to before me on _October 20, 2005_

My commission expires: _Oct. 20, 2005_

_Shirley J. Kuntz_
Notary Public

(seal)

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | ( _____ miles @ $ _____ per mile) |
| Total | $ | |

SHIRLEY J. KUNTZ
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
Commission # 05659034
My Commission Expires: Jan. 26, 2009

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

For Court Use Only: Document Id # 05-CCSU-3508



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
|---|---|
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207 |
| vs. | (Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

The State of Missouri to: HEATHER CLARK
Alias:

500 NEW CREATION ROAD
NEWARK, MO 63458

ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO DEPT.
OF CIVIL RECORDS
INDEPENDENCE, MO

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SEP 2 0 2005
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☒ other _Non-Est-No longer at Address_ _____
Served at _____ (address)
in _____ County, MO, on _10/9/05_ (date) at _3:00 PM_ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer.
Subscribed and sworn to before me on _October 20, 2005_
My commission expires: _Oct. 20, 2005_
Date

_____
Notary Public

(seal)

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | per mile) |
| Total | $ | |

SHIRLEY J. KUNTZ
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
Commission #05659034
My Commission Expires Jan. 28, 2009

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54. Served Jan 28, 2009 Document Id # 05-CCSU-3510

OSCA (7-99) SM30 (SMCC)          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207 |
| vs. | (Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

The State of Missouri to: AMY WILSON

Alias:

500 NEW CREATION ROAD
NEWARK, MO 63458

ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO DEPT
OF CIVIL RECORDS
INDEPENDENCE, MO

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SEP 2 2005

*JACKSON COUNTY*

_____ Date

_____ Clerk

Further Information: _____

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☒ other _Non-Est - No longer of Address_

Served at _____ (address)

in _____ County, MO, on _10/19/05_ (date) at _3:00pm_ (time).

_Greg Halver_ _____ PRSOS
Printed Name of Sheriff or Server          Signature of Sheriff or Server   0023

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _October 20, 2005_

(seal)

My commission expires: _Oct. 20, 2005_      _Shirley J. Kuntz_
                        Date              Notary Public

SHIRLEY J. KUNTZ
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
Commission # 05659034
My Commission Expires: Jan. 26, 2009

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ _____ (_____ miles @ $ _____ per mile) | |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*For Court Use Only: Document Id # 05-CCSU-3509*

OSCA (7-99) SM30 (SMCC)                1 of 1                Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                            54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
|---|---|
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207<br><br>(Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

The State of Missouri to: CNS INTERNATIONAL MINISTIRES INC
Alias:
DBA: HEARTLAND CHRISTIAN ACADEMY

SERVE RA LAURIE SHARPE
400 NEW CREATION ROAD N
NEWARK, MO 63458

ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO DEPT
OF CIVIL RECORDS
INDEPENDENCE, MO

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SEP 2 0 2005
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to Laurie Sharpe (name) Registered Agent (title).

☐ other _____

Served at 400 New Creation Rd N, Newark, MO (address)

in Knox County, MO, on 10/19/05 (date) at 1:15 pm (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on October 20, 2005

My commission expires: Oct. 20, 2005
SHIRLEY J. KUNTZ
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
Commission # 05659034
My Commission Expires: Jan. 26, 2009

_____
Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ ( ___ miles @ $ ___ per mile) | |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*For Court Use Only: Document Id # 05-CCSU-3497*

OSCA (7-99) SM30 (SMCC)      1 of 1      Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207 |
| vs. | |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: REBECCA POWELL
Alias:

214 MERCY STREET
BETHEL, MO 63434

ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO DEPT.
OF CIVIL RECORDS
INDEPENDENCE, MO

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SEP 20 2005
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☒ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____

Served at 101 Nature Blvd Bethel, MO (address)
in _____ County, MO, on 10/19/05 (date) at 2:15 pm (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server PPS05 0023

(seal)

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on October 20, 2005

Oct 20 2005 _____ Shirley J. Kuntz
Date (Notary Public)

My commission expires:

SHIRLEY J. KUNTZ
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
Commission # 05659034
My Commission Expires Jan 26, 2009

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | ( per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*For Court Use Only: Document Id # 05-CCSU-3506*

OSCA (7-99) SM30 (SMCC)  1 of 1  Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:05-cv-01145-ODS   Document 1-1   Filed 11/16/05   Page 7 of 52



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207 |
| vs. | (Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W KANSAS<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

The State of Missouri to: MICHAEL K PETERSON
Alias:

308 NEW CREATION ROAD
NEWARK, MO 63458

ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO DEPT.
OF CIVIL RECORDS
INDEPENDENCE, MO

**COURT SEAL OF**

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SEP 20 2005
_____
Date

_____
Clerk

Further Information: _____

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

[X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

[ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

[ ] other _____

Served at _125999_ _255ᴮ St. LaBelle MO_ (address)

in _Lewis_ County, MO, on _10/19/05_ (date) at _2:30 pm_ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer.**

(seal)

Subscribed and sworn to before me on _October 20 2005_

My commission expires _Oct 20, 2005_ _Shirley J. Kuntz_
Notary Public

SHIRLEY J. KUNTZ
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
Commission # 05659034
My Commission Expires Jan. 20, 2009

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ ( _____ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*For Court Use Only:* Document Id # 05-CCSU-3505

Case 4:05-cv-01145-ODS   Document 1-1   Filed 11/16/05   Page 8 of 52



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207 |
| vs. | (Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

The State of Missouri to: **CHARLES N SHARPE**
Alias:

**321 MERCY STREET**
**BETHEL, MO 63434**

ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO DEPT.
OF CIVIL RECORDS
INDEPENDENCE, MO

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

SEP 20 2005

*JACKSON COUNTY*
_____ Date _____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☑ other _Served wife Laurie Sharpe_
Served at _400 New Creation Rd North Newark Ohio_ (address)
in _Knox_ County, MO, on _10/9/05_ (date) at _8:20 pm_ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

PD5035
0083

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn before me on _October 20, 2005_

(seal)

My commission expires: _____     _Shirley J. Kuntz_
Notary Public

SHIRLEY J. KUNTZ
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
Commission # 05659034
My Commission Expires: Jan. 26, 2009

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | (_____ miles) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*For Court Use Only:* Document Id # 05-CCSU-3501

OSCA (7-99) SM30  (SMCC)                    1 of 1                    Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO  641122207 |
| vs. | (Date File Stamp) |
| Defendant/Respondent:<br>  CNS INTERNATIONAL MINISTIRES INC<br>DBA:  HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

The State of Missouri to: CHARLES R PATCHIN
Alias:

RR 1 BOX 107
NEWARK, MO 63458

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

ORIGINAL
MAKE YOUR RETURN ON THIS
WRIT AND FORWARD COPY
OF CIVIL PROCESS
INDEPENDENCE

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SEP 2 0 2005

_____  _____
Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**    Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☑ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_wife  Carin  Patchin_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other

Served at _205  New Creation  Rd.  Bethel  Mo_____ (address)

in _Shelby_____ County, MO, on _10/19/05_ (date) at _1:00 pm_ (time).

_____                    _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

PRS05-0023

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _October  20, 2005_

My commission expires: _Oct. 20, 2005_                    _Shirley J. Kuntz_
*(seal)*                                                                        Notary Public

SHIRLEY J. KUNTZ
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
Commission # 05659034
My Commission Expires Jan. 9, 2009

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | ( _____ miles @ $ _____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

*For Court Use Only:*  Document Id # 05-CSU-3503

Case 4:05-cv-01145-ODS   Document 1-1   Filed 11/16/05   Page 10 of 52



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207 |
| vs. | (Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

**The State of Missouri to:** LAURIE J SHARPE
Alias:

321 MERCY STREET
BETHEL, MO 63434

ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO DEPT.
OF CIVIL RECORDS
INDEPENDENCE, MO

**COURT SEAL OF**

*You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.*

SEP 20 2005
_____    _____
Date                          Clerk

**JACKSON COUNTY**

Further Information: _____

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☑ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _400 New Creation Rd North_, _Newark MO_ (address)

in _Knox_ County, MO, on _10/19/05_ (date) at _1:20pm_ (time).

_____              _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server  7PS05-0023

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _October 20, 2005_

(seal)

SHIRLEY J. KUNTZ
My commission expires: Notary Seal _Oct. 20, 2005_   _Shirley J. Kuntz_
STATE OF MISSOURI   Date                         Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | Jackson County |
| Non Est | $ | Commission # 05659034 |
| Mileage | $ | My Commission Expires: Jan. 26, 2009 (__ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.   *For Court Use Only: Document Id # 05-CCSU-3502*

OSCA (7-99) SM30 (SMCC)          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:05-cv-01145-ODS   Document 1-1   Filed 11/16/05   Page 11 of 52



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207 |
| vs. | (Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case ORIGINAL

**The State of Missouri to:** DAVID R MELTON
Alias:

314 DUBLIN CIRCLE
SMITHVILLE, MO 64089

MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO DEPT
OF CIVIL RECORDS
INDEPENDENCE, MO

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SEP 2 0 2005
_____ Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☒ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _500 E 9th St. KCMO_ (address)

in _Jackson_ County, MO, on _10/17/05_ (date) at _3 pm_ (time).

_Greg Huber_ _____ D2505-0027
Printed Name of Sheriff or Server       Signature of Sheriff or Server
Judy Ballew

Notary Public Notary must be sworn before a notary public if not served by an authorized officer:
State of Missouri County of Jackson
My Commission Expires 01/20/2009 Subscribed and sworn to before me on _October 19, 2005_.
Commission #05533272 My commission expires: _1-20-09_ _Judy Ballew_
                                          Date                    Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | ( ____ miles @ $ . _____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54. *For Court Use Only:* Document Id # 05-CCSU-3504

OSCA (7-99) SM30 (SMCC)                    1 of 1                    Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                     54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207 |
| vs. | (Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

The State of Missouri to: **CNS CORPORATION**
　　　　　　　　　　　　　　　Alias:

**SERVE RA DAVID R MELTON**
**500 EAST NINTH STREET**
**KANSAS CITY, MO 64106**

ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO DEPT
OF CIVIL RECORDS
INDEPENDENCE, MO

**COURT SEAL OF**

*[court seal: CIRCUIT COURT OF MISSOURI]*

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SEP 20 2005
_____ Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
David Melton (name) Registered Agent (title).
☐ other _____.

Served at 500 E. 9th St KCMO (address)
in Jackson County, MO, on 10/17/05 (date) at 3:00pm (time).

Judy Ballew
Notary Public Notary Seal Sheriff or Server
State of Missouri County of Jackson
My Commission Expires 01/20/2009
Commission #05533273

_____
Signature of Sheriff or Server
KC5-05
0023

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on October 19, 2005

My commission expires: Jan 20, 2009
Date

Judy Ballew
Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | ( ____ miles @ $ . ____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54. *For Court Use Only:* Document Id # 05-CCSU-3499

OSCA (7-99) SM30 (SMCC)　　　　　　　1 of 1　　　　　　　Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 0516-CV23894 |
|---|---|
| Plaintiff/Petitioner:<br>MARY IONELLA KNIGHT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD CLARK MILLER<br>4717 GRAND AVENUE, SUITE 820<br>KANSAS CITY, MO 641122207<br><br>(Date File Stamp) |
| Defendant/Respondent:<br>CNS INTERNATIONAL MINISTIRES INC<br>DBA: HEARTLAND CHRISTIAN ACADEMY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

## Summons in Civil Case

The State of Missouri to: **CHARLES N SHARPE FOUNDATION**
Alias:

**SERVE RA DAVID R MELTON**
**500 EAST NINTH STREET**
**KANSAS CITY, MO 64106**

ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO DEPT
OF CIVIL RECORDS
INDEPENDENCE, MO

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**SEP 2c 2005**
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_David Melton_ (name) _Registered Agent_ (title).

☐ other _____

Served at _500 E 9th St, KCMO_ (address)

in _Jackson_ County, MO, on _10/17/05_ (date) at _3 pm_ (time).

_____ Deputy Sheriff or Server _____ Signature of Sheriff or Server

Judy Ballew
Notary Public Notary Seal
State of Missouri County of Jackson
My Commission Expires 01/20/2009
Commission #05533273

(seal) Must be sworn before a notary public if not served by an authorized officer.
Subscribed and sworn to before me on _10-19-05_

My commission expires: _1-20-09_
Date

_Judy Ballew_
Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | ( ___ miles @ $ . ___ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54. *For Court Use Only: Document Id # 05-CCSU-3498*

Case 4:05-cv-01145-ODS   Document 1-1   Filed 11/16/05   Page 14 of 52

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

05CV-23894

CASE NUMBER _____

☒ SUMMONS ISSUED   ☐ ALIAS ISSUED   ☐ OTHER   ☐ PUBLICATION

| DATE | NO. ISSUED | COUNTY/STATE IF OTHER THAN JACKSON, MO | PLEADINGS INCLUDED |
|------|-----------|----------------------------------------|--------------------|
| 9/20/05 | 15 | Missouri | Notice of Dispute, Petition; Pretrial Order, Mot + Ord Private Process, certificate |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| 9/20/05 | called Atty About Summons Plu | | |

SUMMONS MAILED TO ATTORNEY IN S.A.S.E. ☐
TYPE OF SERVICE  ☒ PRIVATE PROCESS SERVER
       ☐ CERTIFIED MAIL     ☐ CIVIL PROCESS
       ☐ FIRST CLASS MAIL    ☐ OUT OF COUNTY

## FEES PAID

| DATE | CHECK NUMBER | AMOUNT PAID | COUNTY/STATE |
|------|--------------|-------------|--------------|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

CIRCT 2552 - 9/98          SUMMONS PREPARED BY: _____

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

MARY IONELLA KNIGHT

                Plaintiff,

vs.

                    Case No.       **0516-CV23894**

                    Division 16

CNS INTERNATIONAL MINISTIRES INC

        Defendant.



## PRETRIAL ORDER FOR CIVIL CASE

        On 29-AUG-2005 the above cause having been assigned to Division 16 and the Court having determined that a Pretrial Order setting forth procedures to be followed in Division 16 will assist the parties in preparing and presenting the case to the Court and/or Jury, the Court hereby enters the following Pretrial Order:

### CONDUCT IN DIVISION 16

        It is the expectation of the Court that all parties and counsel shall conduct themselves with dignity and civility at all times when communicating with each other, when conducting discovery, and with regard to all other aspects of the processing of this action through the legal system. To further this expectation,

        IT IS ORDERED that all parties shall conduct themselves in accordance with the language and spirit of the Tenets of Professional Courtesy attached to this Order;

        IT IS FURTHER ORDERD that counsel for each party shall send a copy of the Tenets of Professional Courtesy and the Guidelines For Trial Conduct in Division 16 to each client that counsel represents in this action.

### SCHEDULING CONFERENCE AND TRIAL SETTING

1.      This case is set for a scheduling conference on **09-JAN-2006 at 03:30 PM** in Division 16.

2.      Preliminary discovery required by local court rules should be completed, if at all possible, before the date of the scheduling conference.

3.      Lead trial counsel for each party is required to be present at this conference. The following matters will be taken up at the conference:

        a.      Selection of a trial date convenient to all parties;

        b.      The status of settlement negotiations;

        c.      Whether or not alternative dispute resolution, including but not limited to mediation, is appropriate for this case and,

        d.      Any issues which require input or action from the Court.

### DISCOVERY ISSUES

4.      No written discovery motions are to be filed until after counsel has made the effort to resolve the dispute as required by Jackson County Local Rule 33.5. The Court will not rule on discovery motions until after counsel has arranged for a telephone conference, or chamber conferences, between the Court and counsel of record.

Counsel may schedule telephone conferences or chamber conferences by calling Toiy Phanich, the Judicial Administrative Assistant in Division 16 at 816-881-4416, to schedule the date and time for the conference.

5.     When a discovery dispute requires a Motion to Enforce Discovery to be filed by a party, the party shall comply with the Local Rule 33.5.

6.     In situations where a party has objected to the disclosure of documents or information on the basis that it is protected by the attorney/client privilege, the insurer/insured privilege, some other privilege, or is work product, the objecting party shall file and serve on the other party a log identifying each document or item, or the other information sought to be protected, by author, date, purpose for which the information or document was created, and a sufficient description of the subject matter for the other parties and for the Court to be able to determine whether or not the document or information is in fact not subject to disclosure. State  ex rel. The Atchison, Topeka and Santa Fe Railway Company v. O'Malley, 898 S.W.2d 550 (Mo.Banc 1995).  Within ten (10) days after the filing and service of the Document Log on each party, counsel of record and any unrepresented parties shall meet and discuss the documents that are claimed to be privileged for the purpose of making such agreements as are possible regarding disclosure or non-disclosure of the documents. If there are documents with regard to which the parties cannot agree on disclosure or nondisclosure, then a conference shall be scheduled with the Court to discuss the contested documents. The log shall be in the following format:

LOG OF DOCUMENTS & INFORMATION
CLAIMED TO BE PRIVILEGED

1. Date Created     2. Author 3. Purpose Created  4. Description

7.     The Court will, in proper cases, upon its own motion or the motion of a party, appoint a special master to preside over discovery disputes. The order appointing such special master will designate an appropriate cost deposit to be paid by one party or more, in trust, to the Court Administrator, to assure that the special master is compensated in a timely manner for the services rendered in presiding over the discovery. State ex rel. Madlock v. O'Malley, 8 S.W.3d 890 (Mo. 1999).

**TRIAL SETTINGS**

8.     It is the policy of Division 16 to allow the parties to select a trial date. Continuances from a trial date selected by the parties will be granted only for good cause shown.

9.     Any case in which a continuance has not been granted is subject to being called for trial when scheduled, whether or not the case is in the top 3 cases on the Friday prior to trial. The parties and all witnesses shall be on call for all cases scheduled on a trial docket that have not been settled or continued. The Court's Judicial Administrative Assistant will notify counsel whether or not a case is in the top 3 cases for trial by 2:00 p.m. on the Friday prior to the trial setting.

10.     Counsel and the parties of the top 3 cases on the trial docket as of 2:00 p.m. on the Friday, will be required to appear in Court on Monday morning at 9:00 a.m. prepared for trial.  All witnesses shall be on call.

11.     All cases that are not in the top 3 cases on the trial docket as of 2:00 p.m. on the Friday prior to the docket, and which have not been continued, are subject to being called for trial if the top 3 cases are disposed of. In such event, counsel and the parties shall be notified when they are to appear for trial.

2

CONTINUANCES

12.    All applications for continuance shall be filed on or before Wednesday of the week prior to the trial setting. Applications for Continuance shall comply with Supreme Court Rule 65 and Local Rule 34.1.

13.    It is the Court's policy to try to rule on all Applications for Continuance that have timely filed, provided they have been received in the Division, before 9:30 a.m. on the Wednesday prior to the trial setting. The Court's Judicial Administrative Assistant will attempt to advise counsel whether or not a continuance has been granted by 2:00 p.m. on the Friday prior to the trial setting.

14.    If a continuance has been granted, counsel that has sought the continuance shall schedule a conference with the Court to obtain a new trial date and to discuss at least the following:

     a.    A new trial setting;

     b.    The status of settlement negotiations;

     c.    Whether or not the Court should order alternative dispute resolution, including but not limited to mediation;

     d.    Any issues which require input or action by the Court.

PRETRIAL CONFERENCES

15.    Pretrial conferences may be scheduled by calling Toiy Phanich, Judicial Administrative Assistant of Division 16, at 816-881-4416. Pretrial conferences should be scheduled by conference call involving all counsel of record for all parties, unless attorneys have agreed and selected a mutual agreeable date for a pretrial conference.

16.    Pretrial conferences are encouraged by the Court regarding pending issues on which the Court can be of assistance to the parties. It is the policy of Division 16 to schedule conferences in 15 to 30 minute intervals between 8:15 a.m. and 9:00 a.m. on any day of the week. If a longer pretrial conference is required, or the parties need to make a record, the conferences will usually be scheduled on a Friday morning or on a Friday afternoon, so as not to interfere with the completion of a trial in progress.

PRETRIAL ISSUES

17.    <u>Identification of designated portions of depositions to be read</u>. The parties shall file an identification of any designated portion(s) of depositions to be read or shown to the jury at least (5) days before the trial date.

18.    <u>Pretrial motions.</u> The parties shall file any motions in limine, counter designations and objections to proposed deposition excerpts to be read or played to the jury by videotape, and any trial briefs with the Court and the opposing party, at least five (5) days before the trial date.

19.    <u>Jury Instructions.</u> Each party who has the burden of proof on a claim or defense shall deliver proposed jury instructions to the Court and to the other parties prior to the commencement of the trial. Proposed converse or responsive jury instructions shall be delivered to the Court the morning after receiving the other party's proposed jury instructions. Proposed jury instructions shall be provided to the Court in hard copy (both clean and with citations of authority) and on a floppy disc. Plaintiff shall also provide a proposal for the numerical order in which the

3

instructions should be read to the jury. The Court prefers that the floppy disc containing proposed jury instructions be provided in Microsoft Word 97 format, but other formats are acceptable.

20.    Exhibits shall be marked at trial. Exhibits shall be marked in numerical order as required by Local Rule 24.1. The exhibits shall be marked during the trial of the case. Attorneys shall be responsible for communicating with the Court Reporter on the morning of trial to discuss any and all procedures.

21.    Any document, object or thing that will be referred to in the course of the trial shall be marked as an exhibit. This includes demonstrative exhibits or aids that will be referred to at any time, whether or not they will actually be offered into evidence.

22.    Proper dress for Court. The Jackson County Circuit Court, en banc, has adopted a policy regarding proper dress for Court. This policy is stated on the summons and on the cover sheet accompanying the Trial Docket. Counsel shall advise the party they represent and the witnesses that party intends to call of the policy regarding proper dress for Court.

**IT IS SO ORDERED**.

Dated: 29-AUG-2005                    S/S MARCO A ROLDAN
                                     Marco A. Roldan, Judge


I hereby certify that a copy of Pre-trial order
the foregoing was duly mailed
on 29-AUG-2005 to:
RICHARD CLARK MILLER, 4717 GRAND AVENUE, SUITE 820, KANSAS CITY, MO 641122207


ATTACHED TO SUMMONS TO DEFENDANT(S)

Deputy Clerk

4

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

MARY IONELLA KNIGHT,   )
                                            )
and                                     )
                                            )
MARK STAJDUHAR,     )       05CV-c3894
                                            )       Case No. _____
Individually and as              )
Class Representatives,        )       Division _____
                                            )
          Plaintiffs,              )       **DIVISION**
                                            )       **16**
v.                                      )
                                            )
CNS INTERNATIONAL           )
MINISTRIES, INC., et al.         )
                                            )
          Defendants.          )

## CERTIFICATE OF NOTICE OF DISPUTE RESOLUTION SERVICES

COMES NOW Mark E. Parrish, attorney for Plaintiffs, and certifies to the Court that he

has provided the Plaintiffs herein with notice of dispute resolution services.

Respectfully submitted,

RICHARD C. MILLER
MONSEES, MILLER, MAYER, PRESLEY
& AMICK, P.C.
A Professional Corporation
4717 Grand Ave., Ste. 820
Kansas City, Missouri 64112-2258
T: 816/361-5550  F: 816/361-5577

JAMES, TOTTA & PARRISH, L.L.C.
218 N.E. Tudor Road
Lee's Summit, Missouri  64086
T: 816/554-1500  F: 816/554-1616

By: _____
Mark E. Parrish, #40571

ATTORNEYS FOR PLAINTIFFS



# JAMES, TOTTA & PARRISH LLC

TRIAL ATTORNEYS

RANDY W. JAMES*
ANTHONY M. TOTTA*
MARK E. PARRISH
LAUREN E. PERKINS*
*LICENSED IN MISSOURI AND KANSAS

218 NE TUDOR ROAD
LEE'S SUMMIT, MISSOURI 64086
816/554-1500
FAX 816/554-1616

INTERNET www.jtplaw.com
E-MAIL jtplaw@jtplaw.com

## FACSIMILE TRANSMITTAL COVER PAGE

This facsimile contains <u>CONFIDENTIAL INFORMATION</u> which may also be LEGALLY PRIVILEGED and which is intended only for the use of the addressee(s) named below. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the United States Postal Service. Thank you.

DATE:       September 21, 2005

TO:         Becky, Department of Civil Records, Jackson County Circuit Court at Independence

FROM:       Mark E. Parrish

SUBJ:       *Knight v. CNS International Ministries, Inc., et al.*

TOTAL PAGES INCLUDING THIS SHEET: 2

If all pages are not received, please notify Shirley at 816/554-1500.

# JAMES,
# TOTTA &
# PARRISH LLC

TRIAL ATTORNEYS

RANDY W. JAMES*
ANTHONY M. TOTTA*
MARK E. PARRISH
LAUREN E. PERKINS*

*LICENSED IN MISSOURI AND KANSAS

218 NE TUDOR ROAD
LEE'S SUMMIT, MISSOURI 64086
816/554-1300
FAX 816/554-1616

INTERNET  www.jtplaw.com
E-MAIL  jtplaw@jtplaw.com

September 21, 2005

**VIA FACSIMILE**
**816-881-4410**

Department of Civil Records
Jackson County Courthouse
308 West Kansas, Suite 204
Independence, MO 64050
Attn: Becky

> Re:  *Knight v. CNS International Ministries, Inc., et al.*

Dear Becky:

As per your request for file documentation, this is to confirm that you need not prepare summonses at this time for Defendants Ludeman, Moss and Flood. We will seek alias summonses as soon as we have addresses for these individuals that have some appearance of being current. Thank you for bringing this matter to my attention.

Sincerely,

JAMES, TOTTA & PARRISH, LLC

Mark Parrish

MEP/wls

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

MARY IONELLA KNIGHT, )
)
and )
)
MARK STAJDUHAR, )
)
Individually and as )
Class Representatives, )
)
Plaintiffs, )
)
v. )
)
CNS INTERNATIONAL )
MINISTRIES, INC., et al. )
)
Defendants. )

**05CV-23894**

Case No. _____

Division **DIVISION**

**16**

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COME NOW Plaintiffs, by and through their attorneys of record, in the above captioned

matter and for their Motion for Approval/Appointment of a Private Process Server, pursuant to

Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Plaintiff requests that the following individual be approved and appointed to serve process in
this case:

Legal Name                  Greg Hulver
Registration No.            pps05-0023

The Plaintiff states that:

The above named individual is on the Court's List of Approved Process Servers and all of the information contained in his Application and Affidavit currently on file is still correct.

Respectfully submitted,

RICHARD C. MILLER
MONSEES, MILLER, MAYER, PRESLEY
& AMICK, P.C.
A Professional Corporation
4717 Grand Ave., Ste. 820
Kansas City, Missouri 64112-2258
T: 816/361-5550  F: 816/361-5577

JAMES, TOTTA & PARRISH, L.L.C.
218 N.E. Tudor Road
Lee's Summit, Missouri  64086
T: 816/554-1500  F: 816/554-1616

By: _____
Mark E. Parrish, #40571

ATTORNEYS FOR PLAINTIFFS

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

MARY IONELLA KNIGHT,                )
                                    )
and                                 )
                                    )
MARK STAJDUHAR,                     )    05CV-23894
                                    )    Case No. _____
Individually and as                 )
Class Representatives,              )    Division _DIVISION_
                                    )         16
            Plaintiffs,             )
                                    )
v.                                  )
                                    )
CNS INTERNATIONAL                   )
MINISTRIES, INC., et al.            )
                                    )
            Defendants.             )

## ORDER

It is hereby ordered that Plaintiffs' Motion for Approval and Appointment of a Private

Process server is sustained and Greg Hulver is hereby approved and appointed to serve process in

the above captioned matter.

**Teresa L. York**
Court Administrator
**Sixteenth** Judicial Circuit of Missouri

By _____
~~JUDGE~~          Deputy

DATE: _____SEP 2 0 2005_____

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

MARY IONELLA KNIGHT,    )
    )
and    )
    )
MARK STAJDUHAR,    )
    )
Individually and as    )
Class Representatives,    )



    )
    Plaintiffs,    )
    )
v.    )
    )
CNS INTERNATIONAL    )
MINISTRIES, INC.,    )
d/b/a Heartland Christian Academy    )
Serve Registered Agent:    )
Laurie Sharpe    )
400 New Creation Road N    )    Case No. _____
Newark, Missouri 63458    )    Division _____
    )
CHARLES N. SHARPE FOUNDATION,    )
a Missouri Non-Profit Corporation,    )
Serve Registered Agent:    )
David R. Melton    )
500 East Ninth Street    )
Kansas City, Missouri 64106    )
    )
CNS CORPORATION,    )
Serve Registered Agent:    )
David R. Melton    )
500 East Ninth Street    )
Kansas City, Missouri 64106    )
    )
OZARK NATIONAL LIFE INSURANCE    )
    COMPANY,    )
Serve Registered Agent:    )
C T Corporation System    )
120 South Central Avenue    )
Clayton, Missouri 63105    )
    )
    )

**05CV-23894**

# DIVISION
# 16

CHARLES N. SHARPE,  )
Serve at:  )
321 Mercy Street  )
Bethel, Missouri 63434  )
  )
LAURIE J. SHARPE,  )
Serve at:  )
321 Mercy Street  )
Bethel, Missouri 63434  )
CHARLES R. PATCHIN,  )
Serve at:  )
RR 1, Box 107  )
Newark, Missouri 63458  )
  )
DAVID R. MELTON,  )
Serve at:  )
314 Dublin Circle  )
Smithville, Missouri 64089  )
  )
MICHAEL K. PETERSON,  )
Serve at:  )
308 New Creation Road  )
Newark, Missouri 63458  )
  )
REBECCA POWELL,  )
Serve at:  )
214 Mercy Street  )
Bethel, Missouri 63434  )
  )
ERIC D. KIEPKE,  )
Serve at:  )
200 New Creation Road  )
Bethel, Missouri 63434  )
  )
RONALD G. OSBON, JR.,  )
Serve at:  )
RR 1, Box 105  )
LaBelle, Missouri 63447  )

AMY WILSON,  )
Serve at:  )
500 New Creation Road  )
Newark, Missouri 63458  )
  )

-2-

HEATHER CLARK,                          )
Serve at:                               )
500 New Creation Road                   )
Newark, Missouri 63458                  )
                                        )
RICH LUDEMAN,                           )
Serve at:                               )
                                        )
                                        )
                                        )
DAVID MOSS,                             )
Serve at:                               )
                                        )
                                        )
                                        )
JASON FLOOD,                            )
Serve at:                               )
                                        )
                                        )
                                        )
and                                     )
                                        )
FARAH ABUSAADA,                         )
Serve at:                               )
County Road 248                         )
Steffenville, Missouri 63470            )
                                        )
          Defendants.                   )

-3-

## CLASS ACTION PETITION FOR DAMAGES

## GENERAL ALLEGATIONS

COME NOW plaintiffs, Mary Ionella Knight and Mark Stajduhar, Individually and as Class Representatives, by and through their counsel of record and for their causes of action against defendants state as follows:

1.  Plaintiff Mary Ionella Knight (hereinafter Mary) is a resident of Lee's Summit, Jackson County, Missouri.

2.  Plaintiff Mark Stajduhar (hereinafter Mark) is a resident of Quincy, Illinois.

3.  Defendant CNS International Ministries, Inc. d/b/a Heartland Christian Academy (hereinafter Heartland) was at all times mentioned herein, a Missouri corporation with defendant's principal place of business and registered agent Laurie Sharp's office being located at 400 New Creation Road North, Newark, Missouri. Defendant Heartland may be served with process through said registered agent.

4.  Defendant Charles N. Sharpe Foundation (hereinafter Foundation) was at all times mentioned herein, a Missouri non-profit corporation with defendant's principal place of business and registered agent David Melton's office being located at 500 East 9th Street, Kansas City, Jackson County, Missouri. Defendant Foundation may be served with process through said registered agent.

5.  Defendant CNS Corporation (hereinafter CNS) was at all times mentioned herein, a Missouri non-profit corporation with defendant's principal place of business and registered agent David Melton's office being located at 500 East 9th Street, Kansas City, Jackson County, Missouri. Defendant CNS may be served with process through said registered agent.

6.  Defendant Ozark National Life Insurance Company (hereinafter Ozark) was at all times mentioned herein, a Missouri corporation with defendant's principal place of

-4-

business being located at 500 East 9th Street, Kansas City, Jackson County, Missouri with its registered agent C T Corporation System's office being located at 120 South Central Avenue, Clayton, Missouri. Defendant Ozark may be served with process through said registered agent.

7.     Defendant Charles N. Sharpe (hereinafter Sharpe) is a citizen and resident of Bethel, Missouri and can be served at 321 Mercy Street, Bethel, Missouri 63434. At all times relevant hereto, defendant Sharpe was the director and de facto controller of defendant Heartland, responsible for the supervision of all employees and care of all attendees of Heartland.

8.     Defendants CNS, Foundation, Ozark and Sharpe, during the time alleged in this petition, have provided funding to support the programs and institutions administered through Heartland.

9.     Defendants, during the time alleged in this petition, actively solicited contributions by word of mouth, print and other media for the funding and operation of Heartland.

10.     Defendants, during the time alleged in this petition, have actively solicited students to Heartland by word of mouth, print and other media sources.

11.     Jurisdiction and venue in this Court is proper because Mary and defendants Charles N. Sharpe Foundation, CNS Corporation and Ozark are residents of Jackson County, Missouri and the aforementioned defendants operate and maintain their offices and principle places of business in Jackson County, Missouri.

12.     Mary and Mark are suing individually and as representatives of a class of persons who, from on or about January 1996, attended Heartland Christian Academy (members of the class hereinafter referred to collectively as "plaintiffs"). Plaintiffs were subject to the collective rules and punishment administered by defendants from the date of the inception of Heartland to the present.

-5-

13.     Mary and Mark were under the age of 18 years at the time of all alleged occurrences as were all members of the putative class represented.

14.     Since the date of the matriculation of the first plaintiffs at Heartland, plaintiffs have been subject to punishment in corporal and other methods meted out by some of the defendants.

15.     Since the date of the matriculation of the first plaintiffs at Heartland, the punishment, corporal and otherwise, meted out to plaintiffs by some of the defendants has been done with the explicit or tacit authority, support and or encouragement of all of the defendants.

16.     Plaintiffs have been subjected to physical punishment that has left permanent and impermanent marks upon their bodies.

17.     Plaintiffs have been subjected to punishment forms that have left permanent and impermanent psychological impairment.

18.     Plaintiffs have required medical treatment due to the punishment imposed by defendants.

19.     The punishment inflicted upon plaintiffs by some of the defendants was systematic and intentional.

20.     The punishment inflicted upon plaintiffs by defendants occurred as a result of their negligent acts and omissions.

21.     The punishment inflicted upon plaintiffs by the defendants was conducted without regard to and contrary to prevailing standards of care for minors, particularly those with behavioral and or psychological problems.

22.     Defendants orally and in writing promised to care for plaintiffs in loco parentis and provide shelter, safety, nourishment and education to plaintiffs.

23.     Defendants orally and in writing promised to reform any behavioral problems of the plaintiffs.

-6-

24.     Defendants made oral and written promises as to the care, treatment, education, safety, discipline, punishment and correction of behavioral problems of plaintiffs that knew or should have known were false.

25.     Defendants accepted monies in varying amounts from plaintiffs and or their parents/guardians, legal and or de facto, in return for the care.

26.     Defendants entered into agreements with plaintiffs and or their parents/guardians, legal and or de facto, which included, but not necessarily limited to, a "Voluntary Child Placement Agreement" and "Parental Agreement" as well as providing other information about Heartland Christian Academy via printed circulars or pamphlets.

27.     A copy of the agreements entered into by the guardians/parents of plaintiff Mary and a copy of a circular or pamphlet are attached hereto and incorporated by reference.

28.     The agreements attached hereto are representative of the agreements entered into by all plaintiffs with defendants and the pamphlet or circular is representative of the information provided by defendants to prospective students and their parents and or guardians.

29.     The agreements mentioned in the preceding paragraph purported to place plaintiffs in the care, custody and control of defendants for a period defined as the "Date of Intake" until "Child graduates from Heartland Christian Academy (HCA is through 12th grade)."

30.     The class is defined as and consists of all individuals who attended Heartland Christian Academy as students from the inception of Heartland on or about January 1, 1996 to the present.

31.     The class is so numerous as to make joinder of all members impracticable.

32.     Upon information and belief, the putative class numbers in the hundreds or thousands.

33.     The named plaintiffs are representative and typical of the class of persons who have been damaged by defendants' actions.

-7-

34.     There are questions of law and fact common to all class members.

35.     The claims of the class representatives are typical of the claims of the class.

36.     The named plaintiffs, as class representatives, will fairly and adequately protect the interests of the class.

37.     The prosecution of several hundred or thousand or more separate lawsuits by individual members of this class would create a risk of:

> a.     inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
>
> b.     adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

38.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

40.     The extent and nature of any litigations concerning the controversy commenced in this lawsuit would be beneficial to the entire class.

41.     The desirability of concentrating the litigation in one forum would be tremendous because class members are spread throughout the United States and do not have easy access to Missouri courts.

-8-

42.    The matter or amount in controversy herein as defined in 28 U.S.C. § 1332(d)(2) does not exceed the sum or value of $5,000,000.00 in the aggregate, exclusive of interest and costs.

## COUNT I
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.    Plaintiffs hereby incorporate paragraphs 1-42 of their Petition.

44.    During the time plaintiffs were students at Heartland, and while on the premises of the property of Heartland and other defendants, plaintiffs were victims of extreme and outrageous conduct by defendants.

45.    Defendants' conduct was performed in an intentional manner and directed toward plaintiffs, with the knowledge that the conduct created an unreasonable risk of causing plaintiffs emotional distress.

46.    As a direct and proximate result of the aforesaid conduct, plaintiffs have suffered and continue to suffer severe emotional distress that is medically diagnosable and so significant as to require medical attention.

47.    Further, as a direct and proximate result of the aforesaid conduct, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish all to plaintiffs' damage.

48.    The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claim punitive damages in an amount sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

-9-

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49.     Plaintiffs hereby incorporate paragraphs 1-48 of their Petition.

50.     The facts of the above described occurrence and the reasonable inferences therefrom demonstrate that such occurrence was directly caused by defendants' failure to use a degree of care that an ordinarily careful person would use under the same or similar circumstances and defendants were thereby negligent.

51.     Such negligence involved an unreasonable risk of causing emotional distress to plaintiffs of which defendants knew, or by using ordinary care should have known.

52.     As a direct and proximate result of defendants' negligence, plaintiffs have suffered and continue to suffer severe emotional distress that is medically diagnosable and so significant as to require medical attention.

53.     Further as a direct result of the aforesaid conduct, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

54.     The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claim punitive damages in an amount

-10-

sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, or their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

## COUNT III
## ASSAULT

55.     Plaintiffs hereby incorporate paragraphs 1-54 of their Petition.

56.     During the time plaintiffs were students at Heartland, and while on the premises of the property of Heartland and other defendants, defendants acted with the intent to cause plaintiffs apprehension of offensive contact and/or bodily harm.

57.     During the time plaintiffs were students at Heartland, and while on the premises of the property of Heartland and other defendants, defendants' conduct caused plaintiffs to be in apprehension of offensive contact and/or bodily harm.

58.     As a direct and proximate result of defendants' conduct, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

59.     The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claim punitive damages in an amount

-11-

sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

## COUNT IV
### BATTERY

60.	Plaintiffs hereby incorporate paragraphs 1-59 of their Petition.

61.	During the time plaintiffs were students at Heartland, and while on the premises of the property of Heartland and other defendants, defendants' conduct was intended to cause bodily harm.

62.	Defendants' action thereby caused plaintiffs to fear bodily harm and/or fear of contact, which would be offensive to a reasonable person and was in fact offensive to plaintiffs.

63.	The actual touching of plaintiffs occurred when defendants administered physical (corporal) punishment upon the personages of plaintiffs, which was offensive to a reasonable person and was in fact offensive to plaintiffs.

64.	As a direct and proximate result of defendants' conduct, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of

-12-

life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

65.     The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claims punitive damages in an amount sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

## COUNT V
## FRAUD

66.     Plaintiffs hereby incorporate paragraphs 1-65 of their Petition.

67.     The actions and omissions of defendants as alleged concerning the care, treatment and correction of any behavioral problems of plaintiffs constituted fraud.

68.     Defendants represented in agreements with the parents and or guardians of plaintiffs and or information provided to the same, both oral and written, that, including but not limited to:

> a.     that children in the care of defendants would be disciplined in a reasonable manner";
>
> b.     that the school had a "seasoned faculty" with "academic degrees";

-13-

c.     that the school has a "strong" special education program for children testing below their academic level;

d.     that one of the school's missions is striving to provide the "highest-quality education";

e.     that success in the recovery program, or other programs offered by defendants, is guaranteed if "you'll just take the medicine";

f.     that HCH (Heartland Children's Homes, a facility of CNS) would use "reasonable care" with regard to children placed with it;

g.     that HCH would provide "competent" care to children placed with it;

h.     that HCH would provide "loving" care to children placed with it;

i.     that HCH would provide "adequate" care to children placed with it; and

j.     that HCH would only discipline children in a "reasonable manner".

69.     Defendants included legally unenforceable terms, either void ab initio or voidable, in the agreements herein mentioned.

70.     Defendants intended that plaintiffs rely on the representations they made, as described in the preceding paragraphs of this Count and all other oral and written assertions as to the care, discipline and education of children placed with defendants.

71.     The representations, including but not limited to those set forth in the preceding paragraphs of this Count were false.

72.     Defendants knew that the representations were false, or did not know whether the representations were true or false at the time they were made or thereafter.

-14-

73.     The representations were material to plaintiffs decisions to enter defendants programs of school instruction and recovery centers and or they were material to the parents and or guardians, legal or de facto, to place plaintiffs under the care of defendants.

74.     Plaintiffs and or their parents and or guardians used reasonable care in relying on the representations set forth in this Count in choosing to enter defendants' programs or for being placed in defendants' programs

75.     As a direct and proximate result of defendants' fraudulent representations, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

76.     The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claims punitive damages in an amount sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

## COUNT VI
### NEGLIGENCE

77.     Plaintiffs hereby incorporates paragraphs 1-76 of their Petition.

-15-

78.    Defendants failed to exercise reasonable care in the treatment of plaintiffs in their charge by, including but not limited to:

      c.     failing to adhere to their own disciplinary and punishment policies;

      d.     failing to formulate reasonable disciplinary and punishment policies; and /or

      e.     failing to supervise and manage employees and other agents charged with the supervision and care of plaintiffs.

79.    As a direct and proximate result of defendants' conduct, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

80.    The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claims punitive damages in an amount sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

-16-

## COUNT VII
## NEGLIGENCE PER SE

81.     Plaintiffs hereby incorporate paragraphs 1-80 of their Petition.

82.     Defendants actions and omissions as alleged in this petition constitute violations of Revised Missouri Statute §568.060, which proscribes abuse of a child and states, in part: "1. A person commits the crime of abuse of a child if such person: (1) Knowingly inflicts cruel and inhuman punishment upon a child less than seventeen years old."

83.     Defendants actions and omissions as alleged in this petition constitute violations of Revised Missouri Statute § 568.045, Endangering the Welfare of a Child in the first degree, which states in part: "1. A person commits the crime of endangering the welfare of a child in the first degree if: (1) The person knowingly acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old."

84.     Defendants actions and omissions as alleged in this petition constitute violations of Revised Missouri Statute § 568.050, Endangering the Welfare of a Child in the Second Degree, which states, in part: "1. A person commits the crime of endangering the welfare of a child in the second degree if: (1) He with criminal negligence acts in a manner that creates a Substantial risk to the life, body or health of a child less than seventeen years old."

85.     The statutes of the State of Missouri as described in Paragraphs 81, 82 and 83, were intended to protect the plaintiffs and all those similarly situated, i.e., individuals less than seventeen years of age while in the State of Missouri.

86.     As a direct and proximate result of defendants' conduct, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

87.     The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claims punitive damages in an amount

-17-

sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

## COUNT VIII

### BREACH OF EXPRESS WARRANTIES

88.     Plaintiffs hereby incorporate paragraphs 1-87 of their Petition.

89.     The affirmative representations of defendants as alleged in Counts V and IX constituted express warranties which were breached because the representations were false.

90.     As a direct and proximate result of defendants' conduct, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

91.     The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claims punitive damages in an amount sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an

-18-

amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

## COUNT IX

### NEGLIGENT MISREPRESENTATION

92.     Plaintiffs hereby incorporate paragraphs 1-91 of their Petition.

93.     Defendants represented in agreements with the parents and or guardians of plaintiffs and or information provided to the same, both oral and written, that, including but not limited to:

a.      that children in the care of defendants would be disciplined in a reasonable manner";

b.      that the school had a "seasoned faculty" with "academic degrees";

c.      that the school has a "strong" special education program for children testing below their academic level;

d.      that one of the school's missions is striving to provide the "highest-quality education";

e.      that success in the recovery program, or other programs offered by defendants, is guaranteed if "you'll just take the medicine";

f.      that HCH (Heartland Children's Homes, a facility of CNS) would use "reasonable care" with regard to children placed with it;

g.      that HCH would provide "competent" care to children placed with it;

-19-

<blockquote>

h.     that HCH would provide "loving" care to children placed with it;

i.     that HCH would provide "adequate" care to children placed with it; and

j.     that HCH would only discipline children in a "reasonable manner".

</blockquote>

94.     Defendants included legally unenforceable terms, either void ab initio or voidable, in the agreements herein mentioned.

95.     Defendants intended that plaintiffs rely on the representations they made, as described in the preceding paragraphs of this Count and all other oral and written assertions as to the care, discipline and education of children placed with defendants.

96.     The representations, including but not limited to those set forth in the preceding paragraphs of this Count were false.

97.     Defendants failed to exercise reasonable care or competence when making the representations and as a result of the their negligence, defendants supplied false information to plaintiffs and or their parents and or guardians, legal or de facto.

98.     The representations were material to plaintiffs decisions to enter defendants programs of school instruction and recovery centers and or they were material to the parents and or guardians, legal or de facto, to place plaintiffs under the care of defendants.

99.     Plaintiffs and or their parents and or guardians used reasonable care in relying on the representations set forth in this Count in choosing to enter defendants' programs or for being placed in defendants' programs.

100.     As a direct and proximate result of defendants' negligent representations, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

-20-

101.    The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claims punitive damages in an amount sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

## COUNT X
## BREACH OF CONTRACT

102.    Plaintiffs hereby incorporate paragraphs 1-101 of their Petition.

103.    The agreements between Heartland and the parents or guardians, legal or de facto, of plaintiffs purport to "affect the legal rights" of the person placing the child at Heartland.

104.    The agreements are explicit in that they "shall be governed by and construed in accordance with the laws of the State of Missouri."

105.    The agreements state, in part, that "HCH [Heartland Children's Homes, a facility of CNS] agrees to use reasonable care to provide competent, loving, adequate Christian care to aid minor children."

106.    Defendants breached its contractual obligation as set forth in the preceding paragraph by failing to provide, including but not limited to, the following:

a.    reasonable care;

-21-

    b.  competent care;

    c.  loving care; and/or

    d.  adequate care.

  107.  As a direct and proximate result of defendants' conduct, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

  108.  The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claims punitive damages in an amount sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

  WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

## COUNT XI

### NEGLIGENT HIRING/RETENTION

  109.  Plaintiffs hereby incorporate paragraphs 1-108 of their Petition.

  110.  Defendants hired and or retained employees without inquiry into past conduct of the employees.

  111.  Defendants had no established business practice to determine whether employees had dangerous proclivities, before or after hiring.

-22-

112. Defendants hired and or retained employees with little or no training in the proper care of juveniles.

113. Defendants hired or retained employees who they knew to have or had or should have known to have or had emotional and or drug abuse problems.

114. The employees hired or retained by defendants had dangerous proclivities.

115. The employees' lack of training and past conduct were indicative of dangerous proclivities.

116. Defendants knew or should have known of the employees' dangerous proclivities.

117. The assigned duties of the employees hired and or retained by defendants placed the plaintiffs in the supervision and care of the employees.

118. The employees hired and or retained by defendants thus came into contact with the plaintiffs.

119. The employees hired and or retained by defendant had the opportunity to punish and abuse plaintiffs within and without the scope and course of their employment.

120. The defendants were aware or should have been aware of punishment being meted out by employees and that the punishment was either excessive or abusive.

121. As a direct and proximate result of defendants' conduct, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

122. The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claims punitive

damages in an amount sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

## COUNT XII
## CLERGY MALPRACTICE

123.    Plaintiffs hereby incorporate paragraphs 1-122 of their Petition.

124.    Defendants were or are acting in the status of clergy with respect to Plaintiffs.

125.    Defendants while caring for plaintiffs maintained relationships with them   whereby Defendants provided counseling and other clerical guidance and direction.

126.    Defendants during the course of their relationship with the plaintiffs participated in or directed the punishment and abuse inflicted upon plaintiffs.

127.    Defendants failed to use that degree of care, skill and learning ordinarily used under the same or similar circumstances by members of the clergy and were therefore negligent in the following respects:

   a.    application of excess, cruel and unusual punishment to Plaintiffs.

   b.    failure to prevent, limit or control punishment inflicted on Plaintiffs.

-24-

c.   inadequate hiring, training and supervision of their staff, employees and agents.

d.   failure to report to or consult with parents or legal guardians regarding their care for Plaintiffs.

e.   abdication of clerical duties with respect to Plaintiffs.

128.   As a direct and proximate result of defendants' negligence, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

129.   The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claims punitive damages in an amount sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

### COUNT XIII
### RESPONDEAT SUPERIOR

130.   Plaintiffs hereby incorporate paragraphs 1-129 of their Petition.

131.   In and among the individuals and entities comprising the defendants in these causes of action there existed numerous relationships that amounted to that of employer/employee or principal/agent or master/servant as well as further

-25-

relationships of defendants to non-party individuals that were also of an employer/employee or principal/agent or master/servant relationship.

132. Defendants, by and through their agents, servants and/or employees were acting in the scope and course of their employment when the conduct, negligent acts or omissions set forth in this petition occurred.

133. Defendants, by and through their agents, servants and/or employees are liable for the negligent acts or omissions as are set forth in this petition.

134. As a direct and proximate result of defendants' conduct, plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish, all to their damage.

135. The aforesaid conduct of defendants was outrageous and in reckless indifference to the rights of plaintiffs, for which plaintiffs claims punitive damages in an amount sufficient to punish defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs Mary and Mark, Individually and as Class Representatives, pray judgment against defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), but not to exceed five million dollars ($5,000,000), exclusive of interest and costs, for pre-judgment interest pursuant to §408.040.2 RSMo, for their costs herein expended, for attorney fees as allowed by law or equity, for interest thereon at the lawful rate and for such other relief as the Court deems just and proper.

PLAINTIFFS HEREBY DEMAND
TRIAL BY JURY.

-26-

Respectfully submitted,

Mark E. Parrish
JAMES, TOTTA & PARRISH, L.L.C.
218 N.E. Tudor Road
Lee's Summit, Missouri 64086
T: 816/554-1500
F: 816/554-1616

MONSEES, MILLER, MAYER, PRESLEY
& AMICK, P.C.
A Professional Corporation
4717 Grand Ave., Ste. 820
Kansas City, Missouri 64112-2258
T: 816/361-5550
F: 816/361-5577

By: _RICHARD C. MILLER_
Richard C. Miller, #29595

ATTORNEYS FOR PLAINTIFFS